# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

JOHN BYRNES                                                                     PLAINTIFF

vs.                                                  CIVIL ACTION NO. 3:19-CV-772-CRS

RICHARD FLAHERTY et al.                                          DEFENDANTS

## MEMORANDUM OPINION

### I. Introduction

This matter is before the court on the following parties' motions to dismiss: (1) Louisville/Jefferson County Metro Government ("Louisville Metro") and Mayor Greg Fisher ("Mayor Fisher") (DN 19), (2) Stewart Title Guaranty Company ("Stewart Title") (DN 20 and DN 22), (3) Deana Flaherty and Richard Flaherty ("Flahertys") (DN 24), and (4) The Dream Team Louisville Highlands, LLC d/b/a Keller Williams Realty Louisville ("Keller Williams") (DN 28). Plaintiff John Byrnes responded. DN 30. Stewart Title (DN 32) and Keller Williams (DN 33) replied. The matter is now ripe for the review. For the reasons stated herein, Keller Williams' motion (DN 33) will be granted, Byrnes' claim under 42 U.S.C. § 1983 will be dismissed with prejudice, and the Court will decline to accept supplemental jurisdiction over Byrnes' remaining state law claims.

### II. Factual Background

The factual allegations that form the basis of Byrnes' case are convoluted. At its core, this case stems from the sale of a house. On or about May 10, 2016, Byrnes purchased a house located at 1528 Alma Avenue, Louisville, Kentucky, from the Flahertys. DN 5 at ¶ 4. Byrnes alleges that the Flahertys, along with their real estate agency, Keller Williams, failed to disclose several pending violations of the Metro Louisville Property Maintenance Code ("Code"). *Id.* at ¶ 7. Byrnes

alleges that the failure of both the Flahertys and Keller Williams to disclose the pending violations constituted a breach of the warranty deed issued on June 21, 2016. *Id.* at ¶ 5–12.

Byrnes next alleges that on October 14, 2016, Inspector Dana Crawford conducted a warrantless search of the Alma Avenue property and cleared the property of all Code violations. *Id.* at 14–15. Once the property was cleared, on October 18, 2016, Byrnes alleges that Inspector Jason Heick issued eighteen[1] Code violations against the Alma Avenue property. *Id.* at ¶ 17; ¶ 43. Byrnes contends that these fines were inconsistent with the Code section that exempts certain buildings from the Code's requirements. *Id.* at ¶ 20. Byrnes alleges that Jeremy Kirkham, Hearing officer and Chairman of the Board[2], approved these allegedly excessive fines. *Id.* at ¶ 21. Byrnes also claims that his title insurance, issued by Stewart Title, entitles him to contractual indemnity from the fines stemming from the Code violations. *Id*. at ¶ 28–30.

At bottom, Byrnes claims that he is the target of a conspiracy amongst Inspectors Justin Davis, Crawford, Heick, and Jeremy Kirkham to commit fraud. *See Id*. at ¶37–63. The gist of his claim is that these inspectors, acting as agents and with approval of Louisville Metro, have "acted in concert to deprive [Byrnes] of his constitutional property rights to his ownership interest" in the Alma Avenue property. *Id*. at ¶ 41. Byrnes points to several "fraudulent inspections" and allegedly baseless Code violations and fines as proof of the fraud conspiracy. *Id*. at ¶ 31–63. He further alleges that these "fraudulent inspections," also described by Byrnes as "warrantless searches," have continued periodically from November 7, 2016 to March 1, 2019. *Id*. at ¶ 63.

Byrnes' amended complaint brings a single count under 42 U.S.C. § 1983. Byrnes alleges that the inspectors' actions constituted "illegal searches, excessive fines and baseless charges that

---

[1] Byrnes' amended complaint is internally inconsistent as to how many violations Inspector Heick issued. Paragraph seventeen alleges fifteen violations, while Paragraph forty-three alleges eighteen. Byrnes goes on to detail eighteen violations in paragraphs forty-four to sixty-three.
[2] Byrnes does not provide the Court with the specifics of Mr. Kirkman's position, title, or his overall responsibilities.

violate[d] Plaintiffs [sic] property rights in violation of the United States Constitution." *Id*. at ¶ 65. Byrnes further alleges that Louisville Metro "facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of misconduct." *Id.* at ¶ 69. Additionally, Byrnes contends that Jeremy Kirkham deprived him of due process and Byrnes sustained substantial harm as a result. *Id.* at ¶ 73.

While not expressly articulated, it appears that Byrnes' complaint also brings several state law claims. Based on the amended complaint, it is unclear whether these are separate and distinct claims or the factual support for Byrnes' § 1983 claim. For clarity and completeness' sake, the Court interprets Byrnes' to discuss the following claims: (1) Breach of Warranty Deed, (2) Contractual Indemnification, (3) Conspiracy to Commit Fraud, and (4) Fraud.

### III. Legal Standard

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citation omitted). Further, claims against municipal corporations under § 1983 are not subject to heightened pleading standards. *Leatherman v. Tarrant Cty.*

*Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). "[F]ederal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.*

## IV. Discussion

Louisville Metro and Mayor Fisher, Stewart Title, the Flahertys, and Keller Williams each submitted motions to dismiss that detail the deficiencies of Byrnes' complaint. DN 19; DN 20; DN 24; DN 28. Specifically, Keller Williams argues that Byrnes' § 1983 claim is time barred by the statute of limitations. DN 28 at 5. To the extent that Byrnes seeks to hold all Defendants liable under § 1983, the statute of limitations analysis is essential to determine whether his claim is viable. The Court agrees with Keller Williams that Byrnes' § 1983 claim is barred by the one-year statute of limitations for § 1983 claims brought in Kentucky. Accordingly, the Court will grant Keller Williams' motion to dismiss and will dismiss Byrnes' § 1983 claim against all Defendants with prejudice. Further, while it is unclear from the amended complaint whether Byrnes has brought any individual state law claims, the Court will decline to accept supplemental jurisdiction over all of Byrnes' potentially remaining state law claims.

### A. Byrnes' § 1983 Claim is Time Barred

Claims under § 1983 are governed by the statute of limitations the State in which the claim is brought provides for personal-injury torts. *Wallace v. Kato*, 549 U.S. 384, 387–388 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249–250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279–280 (1985)). "[S]ection 1983 in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a)." *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). The question of whether a plaintiff timely filed a § 1983 claim is a question of federal law. *Id.* at 183. The Sixth Circuit has held that the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury of which is the basis of his action and that a plaintiff

has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* (citing *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003).

Accepting all of Byrnes' allegations as true, the Court finds that he did not timely file his § 1983 claim. Byrnes' § 1983 claim is based entirely upon the actions of Inspectors Davis, Crawford, and Heick and Louisville Metro's subsequent approval of their alleged conduct. DN 5 at ¶ 65–67. Byrnes alleges that the inspectors conducted "illegal searches" and imposed "excessive fines and baseless charges that violate Plaintiffs [sic] property rights in violation of the United States Constitution." *Id.* at ¶ 65. Based on Byrnes' amended complaint, Inspector Crawford allegedly conducted the first warrantless search of the Alma Avenue property on October 14, 2016. *Id.* at ¶ 15. Four days later, Inspector Heick allegedly issued eighteen Code violations against the Alma Avenue property. *Id.* at ¶ 17. Byrnes further contends that there have been six more allegedly "illegal searches and fraudulent inspections" between November 7, 2016 and March 1, 2019. *Id.* at ¶ 63.

The event that should have alerted a typical lay person to protect his or her rights in this case was the first allegedly illegal search on October 14, 2016. *Id.* at ¶ 15. This is further reinforced by the eighteen Code violations that Byrnes claims Inspector Heick levied against the Alma Avenue property on October 18, 2016, four days later. *Id.* at ¶ 17. These events are the core of Byrnes' § 1983 claim. And, Byrnes provides no factual allegation that his discovery of the allegedly unconstitutional conduct was delayed in a way that would toll the applicable statute of limitations. Byrnes filed the instant suit on October 25, 2019, more than three years after he alleges

his constitutional rights were first violated. The Court finds that Byrnes failed to timely file his § 1983 claim because the one-year statute of limitations began to run on October 14, 2016. Accordingly, his § 1983 claim against all Defendants is time barred and will be dismissed with prejudice.

### B. Byrnes' Remaining State Law Claims

It is unclear from Byrnes' amended complaint whether Byrnes brings any individual state law claims. If he does, while not specifically articulated in Byrnes' amended complaint, the only basis for this Court's jurisdiction over those claims is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. There no longer being a question of federal law before it, the Court declines to accept supplemental jurisdiction over Byrnes' remaining state law claims. Accordingly, all of Byrnes' state law claims will be dismissed.

## V. Conclusion

For the reasons stated herein, the Court will grant Keller Williams' motion to dismiss. DN 28. Byrnes' § 1983 claim against all Defendants will be dismissed with prejudice. The Court will decline to exercise its supplemental jurisdiction over Byrnes' remaining state law claims. Accordingly, those claims will be dismissed without prejudice.

April 3, 2020

Charles R. Simpson III, Senior Judge
United States District Court